PER CURIAM
*781 Defendant, who was pulled over and cited for failing to move over when passing a police car that was stopped on the shoulder of the road with its overhead lights activated, ORS 811.147, asserts that the trial court erred in concluding that he violated the law. In this case, defendant, who was cited on January 21, 2018, contested the citation and testified that when he passed the police car in question he was traveling at least 5 miles per hour under the posted speed limit. The trial court, however, was not persuaded that making a lane change was unsafe, and found that he had, therefore, violated ORS 811.147.
ORS 811.147 (2010) provided, in relevant part, that "a person operating a motor vehicle commits the offense of failure to maintain a safe distance from an emergency vehicle * * * that is stopped and is displaying required warning lights" if the person
"(a) On a highway having two or more lanes for traffic in a single direction, fails to:
"(A) Make a lane change to a lane not adjacent to that of the emergency vehicle * * *; or
"(B) Reduce the speed of the motor vehicle to a speed that is at least five miles per hour under the speed limit established in ORS 811.111 or a designated speed posted under 810.180, if making a lane change is unsafe. "
(Emphasis added.) However, in 2017, the legislature amended ORS 811.147 and, among other things, deleted the italicized text. Or. Laws 2017, ch. 305, § 1. Thus, under the current version of the statute, it is lawful, in response to approaching a police car stopped on the side of the road with its warnings *91 lights activated, for a driver to slow down to a speed that is at least five miles per hour under the speed limit; changing lanes need not be unsafe for a driver to choose to respond by slowing down. That amendment to the statute became effective January 1, 2018. Or. Laws 2017, ch. 305, § 2, see ORS 171.022. In light of the amendment, the state agrees with defendant that we should reverse the trial court's judgment, observing that the trial court appears to have relied on the prior version of the statute, despite the fact that the incident *782 in question occurred on January 21, 2018, after the amendment to the statute had gone into effect and that there is no evidence from which a trier of fact could find that defendant was traveling at a speed greater than five miles per hour under the speed limit. We agree, and accept the state's concession.
Reversed.